IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| 1776, LLC and Eugene J. Zurlo, individually and as co-Trustee of the Eugene J. Zurlo Living Trust Dated December 11, 1997, <br><br> Plaintiffs, <br><br> v. <br><br> Michel Laplante, Peter Laplante, and Marianne Laplante-Scarlata, <br><br> Defendants, | 2:26-cv-00167-RMG <br><br><br><br> **VERIFIED COMPLAINT** |

COMES NOW Plaintiffs, 1776, LLC and Eugene J. Zurlo, individually and as co-trustee of the Eugene J. Zurlo Living Trust Dated December 11, 1997 ("Zurlo") (collectively "Plaintiffs"), complaining against Defendants Michel Laplante, Peter Laplante, Marianne Laplante-Scarlata (the "Laplantes"), as follows:

### INTRODUCTION

1. As further explained and detailed below, this case involves an executory contract entered into by the Laplantes. The executory contract includes ongoing indemnification and defense obligations. The Laplantes, individually, agreed to those obligations. Whereas the Laplantes' company recently and surprisingly asserted that it does not agree to those obligations, in a case it filed against Plaintiffs and many others premised upon the executory contract. As a matter of law, the Laplantes' company is thus not an assignee of the executory contract, has no standing to assert rights thereunder, and has repudiated the same. Irreconcilably, the Laplantes' company alleges in its case that the executory contract ran with the land and obligated a succeeding series of allegedly burdened landowners, including Plaintiffs, to attempt to reach an agreement

1

with it about the location and condition of an alleged easement under the executory contract. Notwithstanding the Laplantes' company's irreconcilable positions, the Laplantes, themselves, remain obligated by the ongoing indemnification and defense obligations in the executory contract. Wherefore, based upon diversity jurisdiction, Plaintiffs now ask this Court to confirm the Laplantes' duty to defend and indemnify Plaintiffs in the case brought against them by the Laplantes' company, and award them damages, including but not limited to several hundred thousand dollars in attorney's fees and costs, which are continuing to accrue.

## PARTIES AND JURISDICTION

2. Plaintiff 1776, LLC is a South Carolina limited liability company and the co-trustees of its sole member, the Eugene J. Zurlo Living Trust Dated December 11, 1997, reside in Charleston, South Carolina.

3. Plaintiff Zurlo, individually and as co-trustee of the Eugene J. Zurlo Living Trust Dated December 11, 1997, is a resident of Charleston, South Carolina.

4. Defendant Michel Laplante is a resident of Florida, upon information and belief.

5. Defendant Peter Laplante is a resident of California, upon information and belief.

6. Defendant Marianne Laplante-Scarlata is a resident of Florida, upon information and belief.

7. This Court has jurisdiction based upon diversity of citizenship because the parties reside in different states and the matter in controversy exceeds the value of $75,000, exclusive of interest and costs, pursuant to the provisions of 28 U.S.C. §§ 1332.

## FACTUAL BACKGROUND

8. The Laplantes are the members of Maybank 2754, LLC. As such, they caused Maybank 2754, LLC to sue Zurlo and his single member entity, 1776, LLC, among many

defendants, in the matter of *Maybank 2754, LLC v. Zurlo, et al.*, Case No. 2020-CP-10-00209 (Charleston County). This Court may take judicial notice of the filings in that action, the most pertinent of which are attached as exhibits hereto for the Court's convenience.

9. In that action, originally filed in 2020 and substantially amended in 2025, Maybank 2754, LLC makes several declaratory claims for easement rights over certain property in Johns Island and a claim for civil conspiracy. (Ex. 1, Amended Complaint).

10. All of Maybank 2754, LLC's claims revolve around an executory contract attached as the second exhibit to its pleading (the "Executory Contract"). (Ex. 1, Amended Complaint, ¶¶ 23, 26; Ex. 2, Executory Contract).

11. The Executory Contract was signed in 2013; it was entered into by the Laplantes[1] on one side and the allegedly burdened landowner at the time, Penny Creek Associates, LLC, on the other side; and the Laplantes' company, Maybank 2754, LLC, has taken the position in its case that the Executory Contract ran with the land as to a series of succeeding allegedly burdened landowners: beginning with Penny Creek Associates, LLC in 2013 – to 1776, LLC in 2017 (through a foreclosure sale) – to Beach Fenwick, LLC in 2019 – and to Stono Oaks Apartments, LLC in 2022, which then started developing the property, constructing several large apartment buildings. (Ex. 1, Amended Complaint, ¶ 20; Ex. 2, Executory Contract).

12. According to Maybank 2754, LLC's pleadings in its case, by corporate resolution allegedly signed by Michel Laplante and Eugene Zurlo (who questions the propriety and authenticity of the same), Penny Creek Associates, LLC authorized Michel Laplante to enter into

---

[1] In addition to the Laplantes named as parties in this action, John Laplante, who is now deceased, also signed the Executory Contract.

3

the Executory Contract on its behalf, as manager, one on side, with himself, personally, and other members of his family, on the other side.  (Ex. 1, Amended Complaint, ¶ 16).

13. On its face, the Executory Contract provides for ongoing obligations: to agree upon the location and condition of an access easement and to execute and record an easement agreement, after the completion of the "Pitch Fork Road" (which future road was, for a long time speculative and uncertain, and not completed until 2024, well after 1776, LLC sold the property in 2019 and the lawsuit was filed in 2020, and more than a decade after the Executory Contract was entered into in 2013); together with ongoing indemnification and defense obligations arising out of the Laplantes' future ownership and operation of Maybank 2754, LLC, as follows:

> **Section 4.5.  30' Access Easement.**  Seller shall grant, transfer, sell and convey to Purchaser, its successors and assigns, an access easement for pedestrian and vehicular ingress, egress and access to, from and over that portion of the lands of Seller known as "Residual Tract B-2-2" as shown on that plat by Richard D. Lacy, entitled "PLAT SHOWING THE SUBDIVISION OF TRACT C-1 TMS NO. 346-00-00-077), TRACT B-2-1 (TMS NO. 346-00-00-004), AND TRACT B-2-2 (TMS NO. 346-00-00-076) TO CREATE EXTENSION OF FENWICK HALL ALLEÉ (CONTAINING 0.272 ACRES) AND CREATING RESIDUAL TRACT C-1 (TMS NO. 346-00-00-077) CONTAINING 15.454 ACRES, RESIDUAL TRACT B-2-1 (TMS NO. 346-00-00-004) CONTAINING 24.895 ACRES, AND RESIDUAL TRACT B-2-2 (TMS NO. 346-00-00-076) CONTAINING 22.856 ACRES)," having been recorded in Plat Book EH, page 817 in the Charleston County RMC Office on March 25, 2005 ("30' Private R/W"), the location and condition of which shall be mutually agreed upon at the completion of that certain roadway known as Pitch Fork Road ("Pitch Fork Road"). Upon the completion of Pitch Fork Road, the Parties hereto shall execute and record an Easement Agreement to memorialize the 30' Private R/W.
>
> **ARTICLE V**
> **Indemnification**
>
> **Section 5.1.  Indemnification**. Seller and Purchasers each hereby indemnify and hold the other harmless and shall defend the other from any and all claims, demands, actions, causes of action, judgments, costs and expenses, including attorneys' fees and court costs arising out of the ownership of the Interest and the operation of the Company; prior to the Closing in the case of Seller's indemnification of Purchasers, and from and after the Closing in the case of the Purchasers' indemnification of Seller.

(Ex. 2, Executory Contract; Ex. 1, Amended Complaint, ¶¶ 25, 27).

14. Since 2020, through six years of litigation, Maybank 2754, LLC seemed to take the position that it was an assignee of the Executory Contract.  (Ex. 1, Amended Complaint, ¶ 29).

4

15. But in recent New Year's Eve motions to dismiss counterclaims made against it, Maybank 2754, LLC surprisingly asserted that it did not agree to the above indemnification and defense provision in the Executory Contract, as follows:

> 4. Maybank joined the Contract for the limited purpose of acknowledging its agreement to the "Assignment". See page 1 of the Contract. 1776's Counterclaim does not allege sufficient facts to demonstrate that Maybank agreed to Article V, Section 5.1, of the Contract.

(Ex. 3, Motions to Dismiss).

16. Maybank 2754, LLC thus now begs Plaintiffs to bring this case against its own members, the Laplantes, themselves.

17. Further, Maybank 2754, LLC thus concedes it has not been an assignee of the Executory Contract with standing to assert any rights thereunder, and repudiated the same.

18. Meanwhile, the Laplantes have been using Maybank 2754, LLC to maliciously prosecute Plaintiffs, based on animus, apparently believing their alter ego entity could do so without concern for the indemnification and defense provision of the Executory Contract.

19. 1776, LLC and Zurlo simply do not belong in Maybank 2754, LLC's declaratory claims about alleged easement rights that may or may not now be triggered over a property they no longer own, directly or beneficially. To reiterate, 1776, LLC sold the property in 2019, the lawsuit was filed in 2020, and the "Pitch Fork Road" was not completed until 2024. The Laplantes know this, yet they are still causing their company to persist with declaratory claims against numerous parties that do not own the property at issue and can do nothing to grant an alleged easement over it, including 1776, LLC, Zurlo, and other bystanders.

20. Beyond the declaratory claims indiscriminately and inappropriately ensnaring 1776, LLC, Zurlo, and others, the fraudulent concealment conspiracy theory artfully pled in Maybank 2754, LLC's amended complaint has completely unraveled. Michel Laplante, himself,

has loudly proclaimed that everyone involved knew about their alleged easement, including the City of Charleston, prior to 1776, LLC selling the property and long before the property was developed by the Beach Company's entities.

21.  1776, LLC also notably called attention to the Laplantes' and/or their alter ego entity's alleged claims to an easement in 1776, LLC's contract to sell the property to Beach Fenwick, LLC in 2019, which provided that the sale was "subject only to exceptions of record, claims of Mitch Laplante (or any entity in which he or his family members claim an ownership or beneficial interest), if any, regarding a 30' easement to the Pitchfork Road and any septic drainage field rights (the 'Laplante Allegations'), *ad valorem* real property taxes not yet due and payable, and any 'roll back' taxes due to to [sic] become due and payable (collectively, the 'Permitted Exceptions')."

22.  For the Court's ease of reference, the following timeline summarizes the key events discussed above:

| 2013 | 2017 | 2019 | 2019 | 2020 | 2022 | 2024 | 2025 | New Year's Eve |
|---|---|---|---|---|---|---|---|---|
| Executory Contract signed by Laplantes and Penny Creek Associates, LLC | Penny Creek Associates, LLC foreclosure sale to 1776, LLC | Laplante tells everyone, including the City of Charleston, about the alleged easement | 1776, LLC sale to Beach Fenwick, LLC disclosing Laplantes' alleged claims in contract | Complaint filed by Maybank 2754, LLC against numerous parties | Beach Fenwick, LLC sale to Stono Oaks Apartments, LLC and development/construction of several apartment buildings begins | "Pitch Fork Road" complete | Amended Complaint filed by Maybank 2754, LLC | Maybank 2754, LLC rejects indemnity and defense obligations repudiating Executory Contract |

23.  In sum, 1776, LLC and Zurlo did nothing to warrant being sued in 2020 and dragged through six years of litigation, and an upcoming trial, and likely future appeals by Maybank 2754, LLC – notwithstanding whether Maybank 2754, LLC is declared to have any kind of easement rights over the Beach Company entities' property or not (though it is notably hard to

6

see how Maybank 2754, LLC could have any sort of easement rights, given that it is not an assignee of the Executory Contract, and repudiated it, among other reasons).

24.     Wherefore, the Laplantes should not have caused Maybank 2754, LLC to sue Plaintiffs demanding relief under the Executory Contract and now they must defend and indemnify Plaintiffs in that action under the very same Executory Contract upon which that lawsuit is misguidedly premised against Plaintiffs.

## CAUSES OF ACTION

### COUNT ONE

### (BREACH OF CONTRACTUAL DUTY TO DEFEND, HOLD HARMLESS, AND INDEMNIFY)

25.     The preceding paragraphs are realleged.

26.     As detailed above, the Laplantes, by causing Maybank 2754, LLC to sue and maliciously prosecute claims against Plaintiffs, have breached Section 5.1 of the Executory Contract, including duties to defend, hold harmless, and indemnify, which Maybank 2754, LLC contends ran with the land obligating and creating contractual privity with Plaintiffs, causing damages to Plaintiffs, including but not limited to several hundred thousand dollars of attorney's fees and costs in the action brought by Maybank 2754, LLC, and other damages to be determined at trial.

### COUNT TWO

### (DECLARATORY JUDGMENT)

27.     The preceding paragraphs are realleged.

28.    The Court should declare that the Laplantes have duties to defend, hold harmless, and indemnify Plaintiffs under the Executory Contract in connection with Maybank 2754, LLC's lawsuit against Plaintiffs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following relief:

i.    judgment on their claims,

ii.    all relief available under the Executory Contract, inclusive of Section 5.1, including but not limited to several hundred thousand dollars of attorney's fees and costs in the action brought by Maybank 2754, LLC;

iii.    all other actual, compensatory, consequential, and punitive damages,

iv.    a declaratory judgment that the Laplantes have duties to defend, hold harmless, and indemnify Plaintiffs under the Executory Contract in connection with Maybank 2754, LLC's lawsuit against Plaintiffs,

v.    attorney's fees and costs in this action, and

vi.    any other relief that the Court deems just, equitable, and proper.

                                                     *s/ Jason S. Smith*  
                                                     Brian A. Hellman (9662)  
                                                     Jason S. Smith, Esq. (11387)  
                                                     HELLMAN & YATES, PA  
                                                     105 Broad Street, Third Floor  
                                                     Charleston, SC  29401  
                                                     (843) 414-9755 (phone)  
                                                     (843) 266-9188 (facsimile)  
                                                     bh@hellmanyates.com  
                                                     js@hellmanyates.com  

Charleston, South Carolina  
January 16, 2026

## VERIFICATION

PERSONALLY APPEARED before me, Eugene J. Zurlo, who being duly sworn, deposes and says, on behalf of 1776, LLC and himself, individually and as co-trustee of the Eugene J. Zurlo Living Trust Dated December 11, 1997, that he has read the within Verified Complaint, and that the facts are true of his own knowledge, except those matters and things therein alleged upon information and belief, and as to those, he believes them to be true.

_____
Eugene J. Zurlo

SWORN to and subscribed before me
this 16th day of January, 2026

_____
NOTARY PUBLIC FOR South Carolina
My Commission Expires: 09/30/2034